UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF                                          101 WEST LOMBARD STREET
SUSAN K. GAUVEY                                       BALTIMORE, MARYLAND 21201
U.S. MAGISTRATE JUDGE                                 MDD_skgchambers@mdd.uscourts.gov
                                                      (410) 962-4953
                                                      (410) 962-2985 - Fax

March 19, 2014

Peter C. Grenier, Esq.
William R. Cowden, Esq.
Bode and Grenier, LLP
1150 Connecticut Avenue, N.W., Suite 900
Washington, DC 20036

Daniel Karp, Esq.
Victoria M. Shearer, Esq.
Karpinski, Colaresi and Karp, PA
120 E. Baltimore Street, Suite 1850
Baltimore, MD 21202

Roger L. Wolfe, Jr., Esq.
Office of the Attorney General
Civil Division
200 St. Paul Place, 20th Floor
Baltimore, MD 21202

    Re:  Fether v. Frederick County, Maryland, et al.
         Civil No. CCB-12-1674

Dear Counsel:

    This is a civil rights action against Frederick County and various employees of the county arising out of the death of Justin Lihvarchik while in the custody of the Frederick County Detention Center. The Plaintiff charges deliberate indifference on the part of Defendants, resulting in the preventable suicide of Mr. Lihvarchik. Discovery is ongoing. Pending before the

Court is Frederick County Sheriff's Office's ("Sheriff's Office"), Captain Troy Barrick, custodian of record, and Frederick County Adult Detention Center's ("Detention Center"), Lieutenant Steven Jamison, custodian of record, (collectively "Third Parties") motion to strike improperly filed confidential documents and motion for confidentiality order (ECF No. 55). Briefing is complete. No hearing is necessary. Local Rule 105.6 (D. Md. 2011). For the reasons set forth herein, the motion to strike is GRANTED and the motion for confidentiality order is GRANTED.

**I. History of Discovery Dispute**

The present dispute arose out of subpoenas served by Plaintiff on the Third Parties. The Third Parties initially produced some of the requested documents and later, pursuant to this Court's letter order dated November 22, 2013 (ECF No. 45), were ordered to produce the remainder of the records sought in the subpoenas. On December 4, 2013, this Court held a telephonic hearing to address production of the subject documents as well as the Third Parties' request for entry of a confidentiality order governing the Third Parties' supplemental document production. Pursuant to that hearing, this Court ordered the parties to meet and confer regarding the parameters of a reasonable confidentiality order. According to letters of

counsel, dated December 24, 2013 (ECF No. 52) and January 12, 2014 (ECF No. 53), the parties have reached an impasse as to the parameters of a confidentiality order governing the Third Parties' supplemental document production.

The subject of the present motion is: (1) whether the Frederick County Internal Affairs investigative report, submitted as "Exhibit 3" to Plaintiff's January 12, 2014 letter, was improperly filed as an exhibit to Plaintiff's <u>unsealed</u> correspondence; and (2) the parties' request for entry of a confidentiality order governing Third Parties' supplemental document production.

**II. Discussion**

**A. Motion for Confidentiality Order**

The Court first addresses Third Parties' motion for entry of confidentiality order. According to the letters of counsel, dated December 24, 2013, and January 12, 2014, (ECF Nos. 52, 53), the parties agree that they have reached an impasse regarding the parameters of a confidentiality order governing Third Parties' supplemental document production. As such, the parties now seek this Court's intervention and ask the Court for entry of a reasonable confidentiality order. (ECF No 55; ECF No. 57). Both parties have submitted proposed orders. (ECF NO. 55-1; ECF No. 57-1).

Central to the parties' dispute is the scope of the proposed confidentiality order. Specifically, the Third Parties assert that the internal affairs investigation reports, submitted pursuant to the supplemental document production, are confidential in their entirety. (ECF No. 55, 4). Conversely, Plaintiff asserts that only specific information within those documents, such as information concerning suicide threats and suicide attempts by third parties and law enforcement officers' birthdates, social security numbers, home addresses, and medical records, are confidential and can be redacted without sealing the investigation reports in their entirety. (ECF No. 57, 3).

Third Parties' counsel points to Montgomery County, Maryland v. Shropshire, 23 A.3d 205 (Md. 2011) and Fields v. State, 69 A.3d 1104 (Md. 2013) to argue that internal affairs investigation reports are treated as confidential in the State of Maryland. (ECF No. 55, 4). Those cases interpreted the Maryland Public Information Act ("MPIA"), Md. Code Ann., State Gov't § 10-616(i), which prohibits disclosure of "personnel records." Shropshire, 23 A.3d at 215-16; Fields, 69 A.3d at 1113. In Shropshire, the Maryland Court of Appeals held that records of internal affairs investigations constitute "personnel records," within the meaning of MPIA § 10-616(i), because such investigations examine allegations of administrative misconduct, that if true, would result in disciplinary action. 23 A.3d at

4

215-16 (defining "personnel records" as "those relating to hiring, discipline, promotion, dismissal, or any matter involving an employee's status"). As a result, internal affairs investigative records are exempt from disclosure.[1] Id. This Court made clear, however, in Martin v. Conner, 287 F.R.D. 348 (D. Md. 2012), that discovery in federal courts is governed by federal law and this Court determines whether a party is entitled to production of police investigative files following the well-reasoned approach espoused in King v. Conde, 121 F.R.D. 180, 198 (E.D.N.Y. 1988). As such, State privacy laws are but one factor that this Court shall consider when deciding whether a party is entitled to production of investigative records. Conner, 287 F.R.D. at 356-57. Moreover, this Court has already determined that the Third Parties' supplemental document production is merited in this case. (ECF No. 45).

The Court does, however, acknowledge the Maryland public policy disfavoring the use of internal affairs records in its

---

[1] Plaintiff cites Maryland Department of State Police v. Maryland State Conference of NAACP Branches, 59 A.3d 1037 (Md. 2013) arguing that Maryland law holds that once a record has been appropriately redacted to remove all information connecting the record to an "individual," the record is no longer a "personnel record." In NAACP Branches, however, the plaintiffs' sought statistical information and thus all information connecting the records to "individuals" was redacted. 59 A.3d at 1046. Here, conversely, the personnel records specifically reference acts taking by named Defendants and Plaintiffs have not suggested redaction of all information connecting the records to those or any individuals, in particular Plaintiffs do not suggest redacting Defendants' names. See NAACP Branches, 59 A.3d at 1045 (distinguishing Shropshire and acknowledging that if the records sought were internal affairs investigation records into the conduct of individual officers, the records would be barred from disclosure under MPIA § 10-616(i)).

5

determination of the appropriate scope of the confidentiality order. Plaintiff asserts that Third Parties overstate the confidentiality of the internal affairs records and argue that Maryland public policy strongly favors public disclosure of all judicial records and documents. (ECF No. 57, 4-5). While the Court agrees with Plaintiff's assertions regarding public records and information concerning the operation of government, the Maryland General Assembly, pursuant to MPIA § 10-616(i), and the Maryland Court of Appeals have made clear that even disclosure of personnel records is strongly disfavored. The Maryland Court of Appeals has defined "personnel records," records which are exempt from disclosure under MPIA § 10-616(i), as "those relating to hiring, discipline, promotion, dismissal, or any matter involving an employee's status." Shropshire, 23 A.3d at 215. The internal affairs investigative reports at issue here fall within that category. As such, the Court finds that these records should be deemed as confidential for purposes of the Court's confidentiality order. While Plaintiff is entitled to use of these internal affairs investigative records, this Court finds that the documents do warrant protection under the confidentiality order.

The parties also dispute the scope of Plaintiff's use of the internal affairs investigative records produced pursuant to the Third Parties' supplemental document production. In

particular, the parties disagree on whether Plaintiff may use the records "in other litigation involving one or more of the same defendants and concerning the deaths of William John Hanlin and Valerie Ann Miller while in custody at the Frederick County Adult Detention Center (hereinafter: "the Similar Lawsuits") that presently is being conducted by the same attorneys involved in this litigation." (ECF No. 57-1, Attach. 1). The Court finds Plaintiff's inclusion of "the Similar Lawsuits" in her proposed confidentiality order to be inappropriate. This Court will not extend the confidentiality order in this case to cover potentially discoverable material in two wholly independent lawsuits. The Court has determined that disclosure of the police investigative records is appropriate in this case. (ECF No. 45). If, however, Plaintiff seeks discovery of the same records in connection with separate lawsuits, Plaintiff will be required to demonstrate, in the context of those lawsuits, that the records are relevant and discoverable.

Having addressed the disputed provisions of the parties' respective proposed confidentiality orders, the Court finds that entry of a reasonable confidentiality order is appropriate. The parameters of such an order are delineated in a separate order of this Court.

**B. Motion to Strike**

Plaintiff's January 12, 2014, correspondence (ECF No. 53) attached, as "Exhibit 3," a Frederick County Internal Affairs investigative report produced pursuant to the Third Parties' supplemental document production. The Third Parties filed the present motion seeking to strike Plaintiff's "Exhibit 3" from the record arguing the information contained therein is confidential and should be protected by this Court's confidentiality Order. (ECF No. 55, 3-4). The Court agrees. The internal affairs investigative records produced pursuant to the Third Parties' supplemental document production are confidential in nature and shall be covered by this Court's confidentiality order. Accordingly, any such records filed with this Court are to be filed under seal. Plaintiff's "Exhibit 3" (ECF No. 53-3) was attached to Plaintiff's <u>unsealed</u> correspondence, and therefore, shall be stricken from the record. A separate order shall issue.

**III. Conclusion**

For the foregoing reasons, the Court finds that a confidentiality order governing the Third Parties' supplemental document production is warranted, the parameters of which shall are detailed in an order accompanying this memorandum. Further, "Exhibit 3" of Plaintiff's January 12, 2014 correspondence (ECF

No. 53-3) is deemed confidential and shall be stricken from the record.  A separate order shall issue.

_____/s/_____
Susan K. Gauvey
United States Magistrate Judge